[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13762
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00033-TJC-TEM-1


UNITED STATES OF AMERICA,

                                                                 Plaintiff - Appellee,


versus

MICHAEL JOSEPH DIMARE,

                                                                 Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2011)

Before EDMONDSON, MARCUS, and ANDERSON, Circuit Judges.


PER CURIAM:

Michael Dimare appeals the procedural and substantive reasonableness of his 100-month sentence imposed for mail fraud, 18 U.S.C. § 1341. Dimare's sentence varied 22 months above the top end of the advisory guidelines range of 63 to 78 months. No reversible error has been shown; we affirm.

We review a variance from the guidelines range for reasonableness under an abuse-of-discretion standard. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). We first examine whether the district court committed any significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) sentencing factors or failing to explain adequately the sentence. Gall v. United States, 128 S.Ct. 586, 597 (2007). After we have determined that a sentence is procedurally sound, we review the sentence's substantive reasonableness. Id. A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. Id. Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and

protection of the public, provision for the medical and educational needs of the defendant, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Dimare's sentence is reasonable both procedurally and substantively. Dimare's sentence is well below the 20-year statutory maximum. See 18 U.S.C. § 1341; United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum). In addition, the district court stated that it had reviewed the evidence from Dimare's case and carefully listened to the arguments of the parties. The court engaged in a thorough discussion of the section 3553(a) factors.

Dimare acknowledges the district court's discussion of the section 3553(a) factors, but contends that his sentence is procedurally unsound because the court failed to explain its upward variance from the advisory guidelines range. Extraordinary justification is not required for a sentence outside the guidelines range; but a district court should explain why a variance is appropriate in a particular case with sufficient justification to support the degree of variance. Shaw, 560 F.3d at 1238.

While the court did not state explicitly at sentencing that the advisory guidelines range was inadequate or that the reasons it provided warranted the upward variance, the court implicitly concluded that the guidelines range was inadequate by imposing an above-guidelines sentence and stating the reasons for the sentence.

The court noted the serious nature of Dimare's economic crime: that it was perpetrated over many years against over 20 victims, many of whom were elderly, and that those victims endured both financial and emotional consequences because of Dimare's crime.[*] The court explained that, although Dimare had no criminal history and that his guidelines range reflected this fact, Dimare was not a "classic first-time offender" because of the length of his investment scheme and the increasing number of victims. The court also commented that it was "astounding" that Dimare committed additional bank frauds on one of the victims of his investment scheme after Dimare knew that he was under investigation and noted that such behavior provided no assurance that Dimare would refrain from fraud crimes in the future. The court acknowledged Dimare's positive characteristics,

---

[*] Dimare, a financial broker employed by John Hancock Financial Services, perpetrated a fraud scheme whereby he convinced his customers to invest in a "tax free corporate bond," even though no such financial instrument existed. Dimare set up a bank account to deposit money he received from investors and he used this money to pay for his rent, car, and credit card payments, and to pay certain customers their "interest earned." The scheme lasted for seven years and resulted in a loss of almost $2 million.

4

including his family contributions, but stated that it was extremely important that the sentence provide just punishment, promote respect for the law, and provide adequate deterrence. On this record, we cannot say that the district court failed to explain sufficiently or justify sufficiently its reasons for sentencing Dimare above the advisory guidelines range.

The court's reasons are supported by the record and the section 3553(a) factors. Dimare argues that the sentence creates an unwarranted disparity between similarly situated defendants, constitutes "too much punishment," and fails to take adequately into account his positive characteristics, including his cooperation with investigators. But the district court must consider the section 3553(a) factors under the totality of the circumstances. Id. at 1237. And the weight accorded to the section 3553(a) factors is left to the court's discretion. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). That the court afforded more weight to the serious nature of Dimare's offense and the need to afford adequate deterrence and provide just punishment than to certain mitigating factors does not make Dimare's sentence substantively unreasonable. Dimare states that nothing in his scheme was unaccounted for by the advisory guidelines range: but the court, in imposing a variance, can permissibly consider conduct that already has been considered in

calculating the guidelines range. See United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008).

In sum, the record does not show that the district court "committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See Clay, 483 F.3d at 743 (citation omitted). Dimare has not met his burden of showing that his sentence is unreasonable, either procedurally or substantively.

AFFIRMED.